IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MIKAL H. JONES,

        Plaintiff,

v.

HSU MANAGER GOHDE,
M. KIECA, D. VALERIUS,
N. WALTERS and
TRISHA ANDERSON,

        Defendants.

OPINION and ORDER

Case No. 17-cv-552-wmc

*Pro se* plaintiff Mikal H. Jones, a prisoner at New Lisbon Correctional Institution ("New Lisbon"), is proceeding in this lawsuit under 42 U.S.C. § 1983, for events that occurred when Jones previously was incarcerated at Columbia Correctional Institution ("Columbia"). Jones challenges the medical attention he received for his complaints of sciatica, bowel obstruction and hemorrhoids in the fall of 2016, and the court granted plaintiff leave to proceed against current or former Columbia employees Gohde, Kieca, Valerius, Walters and Anderson. Now before the court is defendant Kieca's motion for partial summary judgment, in which she seeks summary judgment with respect to Jones's claims against her, on the ground the Jones failed to exhaust his administrative remedies as to his complaints about bowel issues prior to October 31, 2016. The motion will be denied because Jones followed the required procedures to exhaust all aspects of his claim against Kieca.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025. *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Under the regulations in place in 2016, Wisconsin prisoners were required to start a complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). Moreover, the inmate was allowed to "[c]ontain only one issue per complaint, and must [have] clearly identif[ied] the issue." *Id.* § 310.09(e).

2

If the institution complaint examiner ("ICE") rejected a grievance for procedural reasons without addressing the merits, an inmate could appeal that rejection. *Id.* § 310.11(6). If the complaint was not rejected on procedural grounds, then the institution examiner must make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("corrections examiner") within "10 calendar days." *Id.* §§ 310.12, 310.13.[1] If appealed timely, then the corrections examiner must make a recommendation to the Secretary of the Department of Corrections, whose decision is final. *Id.* §§ 310.13, 310.14.

The court granted Jones leave to proceed against defendant Kieca on an Eighth Amendment deliberate indifference claim based on the allegations that: On October 25 and October 31, Jones complained about severe pain, and Kieca responded to both complaints that Jones was scheduled to be seen. Since Jones alleged that, also on November 3, he was taken to the emergency room for chest pain and bowel blockage/constipation, the court accepted that Kieca's limited response supported a reasonable inference of deliberate indifference.

On October 31, 2016, Jones submitted one inmate complaint, CCI-2016-24356, in which he alleged:

---

[1] "Upon good cause, the CCE may accept for review an appeal filed later than 10 days after receipt of the decision." Wis. Admin. Code § DOC 310.13(2).

> I've been neglected by Health Services. I've written them about both my sciatica & constipation & hemorrhoids. I was told that I would see an M.D. back in later July early August maybe sooner than that. And now my back is hunched, and I have rectal bleeding when trying to pass a bowel.

(Dkt. #50-1, at 12.) On November 3, 2016, the complaint was returned to Jones because he did not sign the complaint form. He resubmitted the complaint on November 7, 2016. On February 3, 2017, the ICE recommended affirming the complaint, noting in relevant part:

> RN Godhe states, "On 11/3/2016, Mr. Jones was seen in the local ER for chest pains and other issues associated with constipation. As a result of this visit, Mr. Jones was prescribed Golightly and Tylenol. Prior to this ER visit, there is no record of Mr. Jones being seen for the state[d] issues. A review [of] Mr. Jones Health Service requests shows he contacted HSU regarding his issues on 10/31/16, 10/24/16, and on 10/11/16. All three of these correspondences indicate that Mr. Jones was scheduled to be seen before the end of October. There is no record to indicate why this October appointment was not honored."

(*Id.* at 9.) Jones appealed to both the reviewing authority and the CCE, and Jones's inmate complaint was affirmed with the modification: "Although the patient indicated he wanted to see the MD on an HSR submitted, and staff noting limited MD coverage, patients complaining of symptoms should be seen by nursing staff in a timely manner." (*Id.*)

Kieca acknowledges that Jones filed an inmate complaint implicating her, but seeks to narrow the scope of Jones's claim because of the timing of Jones's inmate complaint. In particular, her position is that the communication from Jones she actually reviewed on October 25 did not mention his bowel issues, and she did not respond to his October 31

4

complaint raising bowel issues until November 3, three days *after* Jones submitted that inmate complaint. Her position is that Jones failed to exhaust his claim with respect to her November 3 response, since "[a]n inmate cannot exhaust administrative remedies by filing an anticipatory inmate complaint for conduct that has not yet occurred." *Jackson v. Matushak*, No. 20-C-1341, 2021 WL 3409290, at *5 (E.D. Wis. Aug. 4, 2021). Yet Jones did not file an anticipatory complaint.

On the contrary, as of October 31, he had not seen a doctor about his sciatica or bowel issues as promised, so even if he had filed the inmate complaint that day, he was not attempting to complain about events that had not yet occurred. In any event, Jones did not actually submit the complaint until November 7, when he re-filed it after including his signature. Obviously, this was after Kieca's November 3 response to his complaints about both his sciatica and bowel issues.

In any event, the pertinent inquiry for exhaustion purposes is the content of the inmate complaint, and "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal quotation marks omitted). There is no question that Jones's inmate complaint was quite broad, raising his overarching concern that he had been assured for months that he would see a doctor for multiple issues, his sciatica and bowel issues. Moreover, the ICE's review of the relevant facts incorporated his October 2016 complaints as well as the November 3 hospital visit. Although the ICE did not explicitly note that Kieca responded to Jones's October 31 inquiry until November 3, implicit in the ICE's finding was that Kieca had not taken action that day. Therefore,

not only did Jones's inmate complaint afford prison officials the opportunity to address Jones's claim that Kieca ignored his complaints about his sciatica and his bowel issues, they directly resolved them on the merits. Accordingly, Kieca has not shown that Jones failed to exhaust any aspect of his Eighth Amendment claim against her, and her motion will be denied.

ORDER

IT IS ORDERED that defendant M. Kieca's motion for partial summary judgment (dkt. #48) is DENIED.

Entered this 22nd day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge